## Kline Estate

**374**

*Paul D. Edelman* and *Alvin A. Woerle*, for petitioners.

MUTH, P. J., November 3, 1958.—Mae F. Hyneman and Berks County Trust Company, executors under the will of Stanley J. Kline, deceased, have presented their petition for the approval of a lease of certain premises, partly in Earl Township and partly in Oley Township, Berks County, for a term of one year beginning October 15, 1958. The premises in question were conveyed to Stanley J. Kline, decedent, by deed dated September 28, 1954, and recorded in Berks County Records in Deed Book vol. 1168, p. 428. On September 30, 1954, Stanley J. Kline executed an agreement or declaration whereby he stated and declared: "that he has no interest in the said premises but that he holds title upon the term and condition that he, the said Stanley J. Kline shall transfer, set over, assign and convey the said property to the said John F. Hyneman and Cecelia Hyneman, his wife, or to such person or persons as the said John F. Hyneman and Cecelia Hyneman, his wife, shall or may at any time in writing request or demand, subject to the limitations hereinafter contained."

The deed to the premises in question was executed and delivered by John F. Hyneman and Cecelia Hyneman, his wife. The declaration of September 30, 1954, further states that John F. Hyneman shall not have the right to demand the reconveyance of the said premises from the said Stanley J. Kline until an indebtedness of John F. Hyneman in the sum of $38,833.08 has been fully liquidated.

A hearing was held before the court for the consideration of this matter on October 10, 1958. At that time counsel for petitioners recognized that the declaration of September 30, 1954, was a declaration of trust for the purposes therein mentioned. Testimony was presented concerning the character and nature of the premises and the proposed rental for the property in the contemplated lease, as well as certain other matters. However, it is clear that Stanley J. Kline during his lifetime had no personal interest in the property other than as the holder of legal title thereto for the purposes stated in the declaration aforementioned. Upon payment of his indebtedness, Mr. and Mrs. John F. Hyneman have the right to demand reconveyance of title to the premises.

Section 542 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.542, provides that a personal representative may lease any real or personal property for a term expiring not more than one year after decedent's death unless it is terminable by the personal representative at any time on 30 days' notice or unless a longer term is approved by the court. For the reasons aforementioned the personal representatives of the estate of Stanley J. Kline, deceased, have no interest in these premises and their petition to lease the premises as one of the assets of the estate of the said decedent cannot be granted.

Section 962 of the Fiduciaries Act of 1949, aforementioned, provides that a trustee may lease any real or personal property of the trust for a term not exceeding five years after its execution, unless a longer term is approved by the court. Upon the creation of a successor trustee, such trustee has the power to lease real estate of the trust for a term of five years without the necessity of seeking authorization of the orphans' court. For the reasons within mentioned, therefore, November 3, 1958, the petition of Mae F. Hyneman

and Berks County Trust Company for authority to enter into a lease of certain real estate is hereby dismissed.